# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL NO. 3:17-CV-206-DSC

| | |
|---|---|
| SHIRLEY D. OLIVER,<br>   Plaintiff,<br><br>   vs.<br><br>NANCY A. BERRYHILL,<br>Acting Commissioner of Social<br>Security Administration,<br>   Defendant. | )<br>)<br>)<br>)  **MEMORANDUM AND ORDER**<br>)<br>)<br>)<br>)<br>)<br>) |

**THIS MATTER** is before the Court on Plaintiff's "Motion for Judgment on the Pleadings" (document #12) and Defendant's "Motion for Summary Judgment" (document #16), as well as the parties' briefs and exhibits.

The parties have consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c) and these Motions are ripe for disposition.

Having considered the written arguments, administrative record, and applicable authority, the Court finds that Defendant's decision to deny Plaintiff Social Security benefits is supported by substantial evidence. Accordingly, the Court will <u>deny</u> Plaintiff's Motion for Judgment on the Pleadings; <u>grant</u> Defendant's Motion for Summary Judgment; and <u>affirm</u> the Commissioner's decision.

## I. PROCEDURAL HISTORY

The Court adopts the procedural history as stated in the parties' briefs.

Plaintiff filed the present action on April 17, 2017. She assigns error to the

Administrative Law Judge (ALJ)'s formulation of her Residual Functional Capacity ("RFC").[1] See Plaintiff's "Memorandum ..." at 3-8 (document #13). Specifically, Plaintiff argues that the ALJ erred in evaluating Dr. Tuan Huynh's consultative medical opinion.

The parties' cross-Motions are ripe for disposition.

## II. <u>STANDARD OF REVIEW</u>

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, <u>Richardson v. Perales</u>, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. <u>Hays v. Sullivan</u>, 907 F.2d 1453, 1456 (4th Cir. 1990); <u>see also</u> <u>Hunter v. Sullivan</u>, 993 F.2d 31, 34 (4th Cir. 1992) (<u>per curiam</u>). The District Court does not review a final decision of the Commissioner <u>de novo</u>. <u>Smith v. Schweiker</u>, 795 F.2d 343, 345 (4th Cir. 1986); <u>King v. Califano</u>, 599 F.2d 597, 599 (4th Cir. 1979); <u>Blalock v. Richardson</u>, 483 F.2d 773, 775 (4th Cir. 1972).

As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In <u>Smith v. Heckler</u>, 782 F.2d 1176, 1179 (4th Cir. 1986), <u>quoting</u> <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971), the Fourth Circuit defined "substantial evidence" thus:

> Substantial evidence has been defined as being "more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to

---

[1] The Social Security Regulations define "Residual Functional Capacity" as "what [a claimant] can still do despite his limitations." 20 C.F.R. § 404.1545(a). The Commissioner is required to "first assess the nature and extent of [the claimant's] physical limitations and then determine [the claimant's] Residual Functional Capacity for work activity on a regular and continuing basis." 20 C.F.R. § 404.1545(b).

support a conclusion."

See also Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence").

The Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the evidence again, nor to substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. Hays v. Sullivan, 907 F.2d at 1456 (4th Cir. 1990); see also Smith v. Schweiker, 795 F.2d at 345; and Blalock v. Richardson, 483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome – so long as there is "substantial evidence" in the record to support the final decision below. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

## III. DISCUSSION OF CLAIM

The question before the ALJ was whether Plaintiff became "disabled" at any time as that term is defined for Social Security purposes.[2]

Plaintiff challenges the ALJ's formulation of her RFC. The ALJ is solely responsible for assessing a claimant's RFC. 20 C.F.R. §§ 404.1546(c) & 416.946(c). In making that assessment, the ALJ must consider the functional limitations resulting from the claimant's

---

[2]Under the Social Security Act, 42 U.S.C. § 301, et seq., the term "disability" is defined as an:

inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . .

Pass v. Chater, 65 F. 3d 1200, 1203 (4th Cir. 1995).

3

medically determinable impairments. SSR96-8p at *2. However, it is the claimant's burden to establish her RFC by demonstrating how those impairments impact her functioning. See 20 C.F.R. §§404.1512(c) & 416.912(c); see also, e.g., Stormo v. Barnhart, 377 F.3d 801, 806 (8th Cir. 2004) ("[t]he burden of persuasion . . . to demonstrate RFC remains on the claimant, even when the burden of production shifts to the Commissioner at step five"); Plummer v. Astrue, No. 5:11-cv-00006, 2011 WL 7938431, at *5 (W.D.N.C. Sept. 26, 2011) (Memorandum and Recommendation) ("[t]he claimant bears the burden of providing evidence establishing the degree to which her impairments limit her RFC") (citing Stormo), adopted, 2012 WL 1858844 (May 22, 2102), aff'd, 487 F. App'x 795 (4th Cir. Nov. 6, 2012).

The Fourth Circuit has held that "remand may be appropriate . . . where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." Mascio v. Colvin, 780 F.3d 632, 636 (4th Cir. 2015) (quoting Cichocki v. Astrue, 729 F.3d 172, 177 (2d Cir. 2013). This explicit function-by-function analysis is not necessary when functions are irrelevant or uncontested. It is only after that function-by-function analysis has been completed that RFC may "be expressed in terms of the exertional levels of work, sedentary, light, medium, heavy, and very heavy." Id.

The ALJ's RFC determination here is supported by Plaintiff's testimony, medical records and treatment history. To the extent that Plaintiff is challenging the ALJ's credibility determination, the Court finds that the ALJ applied the correct legal standard and her credibility determination is supported by substantial evidence.

Plaintiff assigns error to the ALJ's evaluation of Dr. Huynh's consultative opinion. Dr.

4

Huynh examined Plaintiff in November 2015, and completed a statement on her ability to engage in physical activities. (Tr. 24, 343–52). The ALJ provided a detailed and well-supported explanation of why she gave great weight to Dr. Huynh's overall assessment but only little weight to a particular aspect of the assessment that reflects a "patent internal inconsistency" and conflicts with "the weight of the evidence in the record as a whole." (Tr. 24).

Dr. Huynh indicated in the medical-source statement that Plaintiff could stand for only one hour total, and walk for only one hour total, during an eight-hour workday. (Tr. 24, 348). As the ALJ explained, "it is clear from a review of the entirety of Dr. Huynh's report that he did not intend to limit the claimant to such an extreme." (Tr. 24).

The ALJ explained that Dr. Huynh found that Plaintiff could engage in postural activities — such as climbing ramps, stairs, ladders, and scaffolds —occasionally[3]; had full strength and range of motion in all extremities, with relatively few insensate areas and normal peripheral pulses; and had only mild postural limitations and mild exertional limitations in standing, moving about, and traveling. He also found that Plaintiff could travel without a companion for assistance, did not require the use of a cane or another assistive device to ambulate, and could walk a block at a reasonable pace on rough or uneven surfaces. (Tr. 24, 345–46, 348, 350, 352). These findings are clearly inconsistent with the single finding that Plaintiff could not walk or stand more than an hour during the workday.

The ALJ's explanation is entirely reasonable. It would be inconsistent to find that Plaintiff could climb ramps, stairs, ladders, and scaffolds for more total hours in the day than she could

---

[3] "The ability to perform a function on an 'occasional' basis corresponds to one-third of an eight hour workday." Dugger v. Colvin, No. 5:15-cv-00020-MOC, 2015 WL 6455390, at *7 (W.D.N.C. Oct. 26, 2015) (citing SSR 83-10, 1983 WL 31251, at *5-6 (1983).

5

stand or walk. It would also be inconsistent to find that someone with generally normal neurological, musculoskeletal, and range-of-motion findings on physical examination would be extremely limited in her ability to stand and walk (Tr. 23) (describing the physical-examination findings as "almost entirely unremarkable"). The ALJ has given good reasons for her treatment of Dr. Huynh's opinion. See Koonce v. Apfel, 166 F.3d 1209, 1999 WL 7864, at *2 (4th Cir. 1999) ("An ALJ's determination as to the weight to be assigned to a medical opinion will generally not be disturbed absent some indication that the ALJ has dredged up 'specious inconsistencies' or has not given good reason for the weight afforded a particular opinion.") (citation omitted).

Although the medical records establish that Plaintiff experienced pain and mental and emotional difficulties to some extent, as the Fourth Circuit has noted, it is the ALJ's responsibility, not the Court's, "to reconcile inconsistencies in the medical evidence." Seacrist, 538 F.2d at 1056-57. Substantial evidence exists to support the ALJ's assessment of the medical records, Plaintiff's credibility, and her ultimate determination that Plaintiff was not disabled.

## IV. ORDER

**NOW THEREFORE, IT IS ORDERED:**

1. Plaintiff's "Motion for Judgment on the Pleadings" (document #12) is **DENIED**; Defendant's "Motion for Summary Judgment" (document #16) is **GRANTED**; and the Commissioner's decision is **AFFIRMED.**

2. The Clerk is directed to send copies of this Memorandum and Order to counsel for the parties.

**SO ORDERED.**

Signed: January 8, 2018

David S. Cayer
United States Magistrate Judge